IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **QUY PHUOC DANH**, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, <br><br>　　　　　Defendant. | Case No. 3:17-cv-650-SI <br><br> **OPINION AND ORDER** |

Merrill Schneider, SCHNEIDER, KERR, & ROBICHAUX, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Erin F. Highland, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　　　Quy Phuoc Danh seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying Plaintiff's application for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social

Security Act. Because the Commissioner's decision is based on the proper legal standards and the findings are supported by substantial evidence, the decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Applications

Plaintiff was born in April 1960. AR 62. He was 49 years old as of the alleged disability onset date, and turned 55 during the adjudication period. Plaintiff filed his first application for DIB and SSI on February 16, 2011, alleging disability beginning on July 20, 2009. AR 84. In a written opinion dated March 1, 2013, Administrative Law Judge ("ALJ") Robinson denied the Plaintiff's first application after finding that Plaintiff was not disabled under the meaning of the SSA. AR 81-97. Plaintiff did not appeal this decision so it became the final decision of the Commissioner.

Plaintiff filed a second application for DIB and SSI on June 6, 2013, re-alleging disability beginning July 20, 2009. AR 206, 210. Plaintiff alleges that he suffers from right-hand arthritis, high blood pressure, hepatitis C, gastroesophageal reflux disease, post-right wrist injury, bursitis in both shoulders, and post-right elbow dislocation. AR 231. He also alleges that he is unable to speak and understand English. AR 230. Plaintiff contends that his illiteracy, age, and physical limitations render him disabled within the meaning of the Social Security Act. The Commissioner denied Plaintiff's second application initially on August 14, 2013, and on reconsideration on January 9, 2014. AR 152, 157, 163, 166.

On February 20, 2014, Plaintiff requested a hearing to review the denial of DIB and SSI. AR 169. A hearing was held before ALJ Paul Robeck on June 23, 2015. AR 42. On July 31, 2015, the ALJ issued an opinion finding Plaintiff not disabled. AR 37. On February 16, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1. Plaintiff seeks review of that decision.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the

claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ found that Plaintiff met the insured status requirements for DIB through December 31, 2013. Applying the sequential analysis, at step one the ALJ did not make a specific finding as to whether Plaintiff had engaged in substantial gainful activity because the ALJ found that, even assuming no substantial gainful activity, there existed a valid basis for denying Plaintiff's application. AR 25. At step two, the ALJ determined that Plaintiff has the following severe impairments: status post-right wrist injury, arthritis in the right fourth and fifth digits of the right hand, status post-remote right elbow dislocation, bursitis of the right shoulder, mild tendinopathy, bursitis, degenerative changes in the left shoulder, and rheumatoid arthritis in the shoulder. AR 26. At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets one of the listed impairments. AR 27.

The ALJ next assessed Plaintiff's RFC and found that Plaintiff can perform medium work as defined in 20 C.F.R. §§ 404.1567(c) & 416.967(c), with occasional overhead reaching, frequent handling, and frequent fingering with the bilateral upper extremities. AR 28. At step four, the ALJ determined that Plaintiff could perform his past relevant work as an auto body technician. AR 35. Alternatively, the ALJ found at step five that, based on the testimony of the vocational expert ("VE") from the earlier hearing, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. AR 36. The ALJ identified four jobs, all with light exertional requirements, that Plaintiff could perform. Thus, the ALJ held that Plaintiff "has not been under a disability, as defined in the Social Security Act." AR 37.

## DISCUSSION

Plaintiff argues that the ALJ erred in determining that Plaintiff has the RFC to perform medium work and in determining that Plaintiff has an educational level of "limited," instead of

"illiterate." Because the Plaintiff's first assignment of error is dispositive, the Court does not reach Plaintiff's second assignment of error.

In formulating Plaintiff's RFC, the ALJ considered the opinions of State Agency Medical Consultants Sharon Eder, M.D., and Martin Kehrli, M.D. ("Medical Consultants"). AR 32. Drs. Eder and Kehrli had reviewed plaintiff's medical records on August 14, 2013 and January 8, 2014, respectively. AR 200-121, 124-147. Both Medical Consultants opined that Plaintiff should be limited to light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). The ALJ reviewed the RFC determinations made by the Medical Consultants and concluded that the Medical Consultants' opinions deserved only partial weight. Plaintiff offers limited argument that the ALJ erred by giving an improper reason for discrediting the Medical Consultants' opinions and further argues that any reason given was not supported by substantial evidence.

The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). A State Agency Medical Consultant's opinion about a claimant's limitations is considered a non-examining medical opinion. 20 C.F.R. § 404.1527(a)(2) (defining "medical opinions" as statements from physicians that "reflect judgments about the nature and severity of your impairment(s), including . . . your physical and mental restrictions"); Social Security Rule ("SSR") 96-6p, *available at* 1996 WL 374180, at *1 (July 2, 1996) ("Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of non-examining sources at the administrative law judge and Appeals Council levels of administrative review.").

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). An ALJ may discount the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998); *Miracle-Adams v. Berryhill*, 2018 WL 1710437, at *14 (D. Or. Apr. 9, 2018); *Beam v. Colvin*, 43 F. Supp. 3d 1163, 1167, amended, 2014 WL 5111192 (W.D. Wash. Oct. 10, 2014); *Chavez v. Astrue*, 699 F. Supp. 2d 1125, 1135 (C.D. Cal. 2009). The ALJ is "not bound by findings made by State agency or other program physicians and psychologists, but [] may not ignore these opinions and must explain the weight given to the opinions in [his or her] decision[]." SSR 96-6p, 1996 WL 374180, at *2.

The ALJ gave only partial weight to the Medical Consultants because the medical record contradicted their opinions as to the Plaintiff's RFC. AR 32. Both Medical Consultants opined that Plaintiff's RFC should be reduced to light because of active rheumatoid arthritis in his hands, evidenced by mild swelling, tenderness, and mild clubbing of the fingertips. AR 105, 130. The ALJ noted that medical record after the last administrative hearing did not support reducing Plaintiff's exertional limitation from medium exertion to light exertion. Substantial evidence in the record supports this conclusion.

Plaintiff first reported bilateral hand pain to Mary Meadows, M.D., in November of 2012. AR 104. In December of 2012, Dr. Meadows reported that Plaintiff's hands had mild swelling of the metacarpophalangeal ("MCP") joints and proximal interphalangeal ("PIP") joints. AR 423. It

PAGE 8 – OPINION AND ORDER

was at this appointment that the record first shows a diagnosis of rheumatoid arthritis. *Id*. Plaintiff had no hand pain but was referred to the Rheumatology Department. *Id*.

On February 11, 2013, Plaintiff began meeting with Suzanne DeLea, M.D., at Providence Arthritis Center. AR 365-66. Dr. DeLea noted that even though Plaintiff's fingers showed mild clubbing and he reported numbness, he had "grossly normal [range of motion] in joints" and "no joint tenderness or muscle weakness." AR 365-66. At a follow-up appointment in March 2013, Dr. DeLea opined that Plaintiff had signs of mild inflammatory arthritis and mild swelling in his MCP joints, which were tender to palpitation. AR 359. Plaintiff also reported morning stiffness lasting about 30 minutes. AR 358.

On July 9, 2013, Dr. DeLea again noted clubbing of Plaintiff's fingertips as well as MCP swelling and tenderness. AR 361. Plaintiff's morning stiffness was in decline and he had no new areas of inflammation. *Id*. On August 7, 2013, Plaintiff reported that his pain had "gone down tremendously" and his morning stiffness had "gone down in duration." AR 381. He had not "flared" since his last visit. *Id.* He attributed his improvement to taking Plaquenil. *Id.* Because of the improvement, Plaintiff canceled his scheduled cortisone injection. *Id*. Dr. DeLea noted negative PIP symptomology and some mild symptoms relating to Plaintiff's MCP joints. AR 381-82.

Plaintiff's symptoms continued to improve. In September 2013, Dr. DeLea commented that Plaintiff had no inflammatory arthritis symptoms. AR 385. Plaintiff again reported that he was doing better in December 2013. AR 401. During that appointment, Dr. DeLea opined that there was "no obvious evidence of rheumatoid arthritis." AR 402. Although in February 2014, Plaintiff told Dr. Meadows that he experienced an increase in bilateral hand pain (AR 430), Dr. DeLea continued to see no evidence of rheumatoid arthritis. AR 405. At an appointment on

July 21, 2014, Plaintiff indicated that his fingers and other joints were feeling better and were less swollen. AR 408. After opining that Plaintiff did not have any signs of inflammatory disease, Dr. DeLea recommended that Plaintiff return for a follow-up appointment in a year. AR 409-10.

Plaintiff again reported hand pain at an appointment with Dr. Meadows in March 2015. AR 432. By April 2015, however, Plaintiff's pain had subsided. AR 433-35. Throughout 2015, Dr. Meadows noted that Plaintiff had no finger clubbing. AR 432-40.

The ALJ discussed the medical record and concluded that the opinions of Drs. Eder and Kehrli should be given partial weight because the medical evidence contradicted their opinion that Plaintiff had active rheumatoid arthritis. Although Plaintiff has a history of occasional bilateral pain in his hands and, for a time, doctors noted tenderness in his MCP joint, the pain subsided with treatment. There is no evidence in the medical record that Plaintiff lost full hand strength or full range of motion. The most recent medical records also show no indications of rheumatoid arthritis. The ALJ's finding that the medical record contradicted Drs. Eder and Kehrli's opinions as non-examining physicians was a valid reason, supported by substantial evidence, for giving their opinions only partial weight.

Because the ALJ did not err in evaluating the medical opinions, the ALJ did not err in concluding that Plaintiff had the RFC to perform medium work. Accordingly, the Court need not address Plaintiff's second allegation of error relating to Plaintiff's alleged educational level. With an RFC of medium work, Plaintiff can perform his past relevant work as an auto body technician, which is a skilled position. Moreover, under the Medical-Vocational Guidelines, a claimant with an RFC to perform medium work and a history of skilled or semi-skilled work is

PAGE 10 – OPINION AND ORDER

not disabled even if he or she is of advanced age and illiterate. Therefore, even if the ALJ erred by not designating Plaintiff as illiterate, that error would be harmless.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 30th day of April, 2018.

/s/ Michael H. Simon  
Michael H. Simon  
United States District Judge